UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEVI LYON, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>THURSTON COUNTY, et al.,<br><br>              Defendants. | Case No. C23-5450-SKV<br><br>ORDER ON SUMMARY JUDGMENT |

## I.     INTRODUCTION

Before the Court are two motions for summary judgment. Thurston Defendants[1] argue summary judgment is appropriate here because Plaintiffs have failed to state a claim against the Thurston County Board of County Commissioners (the "Board") and because the doctrines of claim preclusion and accord and satisfaction bar their claims. Dkt. 16. Specifically, Thurston Defendants contend Plaintiff Levi Lyon waived the right to bring these claims when he executed the settlement agreement that concluded the forfeiture proceeding underlying this action. *Id*. Plaintiffs move for partial summary judgment against all Defendants on the claim that "the forfeiture proceeding was illegal and void ab initio." Dkt. 28 at 1. The Court agrees with

---

[1] "Thurston Defendants" are comprised of Thurston County, the Thurston County Board of County Commissioners, the Thurston County Prosecutor, and the Thurston County Sheriff.

Thurston Defendants and grants summary judgment in their favor. Accordingly, Plaintiff's motion for partial summary judgment against all Defendants is denied.

## II.   BACKGROUND

Plaintiff Levi Lyon is the owner of Plaintiff Lyon Pride Music, LLC (collectively, "Plaintiffs"), which operates in the cannabis industry. Dkt. 1-3 at 4. With assistance from the Thurston County Narcotics Task Force ("Task Force"), the Washington State Liquor Control Board conducted a criminal investigation into Plaintiff Lyon that culminated in his arrest in November 2019. *Id.* at 6. Concurrent with his arrest, the Task Force seized some of Plaintiff Lyon's personal items pursuant to RCW 69.50.505, including two buses and some laptops. Dkt. 17 at 1; Dkt. 23 at 2. Plaintiff Lyon was charged with three drug-related felonies and prosecuted by Lewis County. Dkt. 1-3 at 6-7. His charges were eventually dropped. *Id.*; Dkt 17 at 1-2.

To address the issue of Plaintiff Lyon's seized property, an administrative forfeiture hearing was scheduled and continued several times. Dkt. 1-3 at 6-7; Dkt. 17 at 2; Dkt. 23 at 2. The Thurston County Prosecutor's Office worked with Plaintiff Lyon's attorneys to settle the forfeiture matter. Dkt. 1-3 at 6-7; Dkt. 17-2. Deputy Prosecutor Elizabeth McMullen handled negotiations on behalf of the Task Force and executed a settlement agreement with Plaintiff on February 26, 2021 ("Agreement"). Dkt. 17-3. In the Agreement, Plaintiff Lyon agreed "to voluntarily withdraw their request for a forfeiture hearing in this matter and waives [sic] any further claim(s) related to this proceeding and waives [sic] any further legal action related to this matter." *Id.* at 1. The Agreement forms the basis for Thurston Defendants' motion for summary judgment. *See* Dkt. 16.

//

//

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

The moving party can satisfy its burden on summary judgment by producing evidence that negates or establishing the absence of evidence to support an essential element of the non-moving party's claim. *James River Ins. Co. v. Herbert Schenk, P.C.*, 523 F.3d 915, 923 (9th Cir. 2008). The party opposing summary judgment must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

#### B. Thurston Defendants' Motion for Summary Judgment

Thurston Defendants argue the Board should be dismissed because Plaintiffs fail to state a claim against it as a matter of law. Dkt. 16 at 6-7. They further argue the Agreement bars

ORDER ON SUMMARY JUDGMENT - 3

1  Plaintiffs' claims here on the bases of claim preclusion and accord and satisfaction. *Id.* at 4-6.

2  The Court agrees and will address each of these issues in turn.

3      1.    *Failure to State a Claim*

4  Where a plaintiff "fail[s] to clearly demonstrate . . . a nexus between a defendant's

5  conduct and an alleged violation," dismissal of that defendant is appropriate under Fed. R. Civ.

6  P. 12(b)(6). *Bailey v. U.S.*, No. 2:23-CV-00136-ACE, 2023 WL 5281677, at *1 (E.D. Wash.

7  Aug. 16, 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("A claim has facial

8  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9  inference that the defendant is liable for the misconduct alleged.") (citations omitted). The

10 Board contends Plaintiffs have shown no nexus between it and the wrongs alleged in the

11 complaint. *See* Dkt. 16 at 6-7. Plaintiffs did not address this argument in their response to

12 Thurston Defendants' motion, Dkt. 20, but did address it in supplemental briefing. *See* Dkts. 30

13 & 33.

14     Plaintiffs' arguments as to why the Board was included in the Complaint are varied and

15 confusing. They allege, *inter alia*, the Board was "either negligent by sleeping on [its]

16 responsibilities under RCW §36.32.120 and the Interlocal Agreement, or they are liable through

17 the misconduct of their Agents." Dkt. 33 at 10. Plaintiffs also argue they named the Board[2]

18 because it is "designated by statute as the County's legislative authority vested with the power to

19 contract," and because it was a signatory to the original interlocal agreement that created the

20 Task Force, and may still be. *Id.* at 10, n. 8. These arguments do not show how the Board can

21 be liable for any of Plaintiffs' specific claims.

22

23

---

[2] Plaintiffs in fact argue they named "the commissioners" in this action, but that is incorrect. Plaintiffs named the Thurston County *Board* of County Commissioners in the complaint. *See* Dkt. 1-3.

ORDER ON SUMMARY JUDGMENT - 4

Plaintiffs additionally argue it is "not incumbent" upon them "to prove the [Board's] liability in the context of Thurston County's Motion for Summary Judgment *which never raised the issue*." *Id.* at 10 (emphasis in original). This argument likewise holds no water. First, Thurston County's motion did raise the issue. *See* Dkt. 16 at 6-7. And second, as stated above, to survive summary judgment Plaintiffs must plead facts sufficient to tie the actions of a defendant to the cause of an alleged harm. Because Plaintiffs present no evidence as to the involvement of the Board in any of the events underlying the complaint, they have failed to state a claim against the Board for which relief may be granted. The Board is accordingly DISMISSED from this action. *See* Fed. R. Civ. P. 12(b)(6).

    2.    *Claim Preclusion*

Claim preclusion (or res judicata) prevents the re-litigation of issues that were or could have been litigated in a prior action. Federal courts give state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Moreno v. UtiliQuest*, 29 F.4th 567, 578 (9th Cir. 2022) ("Our court must treat a state court judgment with the same respect it would receive in the courts of the rendering state.") (citing 28 U.S.C. § 1738). Under Washington law, for claim preclusion to bar a complaint there must be "identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made." *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). The judgment must be final and on the merits. *Id.* ("Res judicata . . . requires a final judgment on the merits.") (citation omitted).

1    Thurston Defendants allege their participation in the events underlying this action were
2 by and through the Task Force and the Thurston County Prosecutor.  The Task Force assisted in
3 the investigation that led to Plaintiff Lyon's arrest, with the "main thrust" of its role being the
4 seizure and storage of Plaintiff Lyon's personal property "presumed to be involved in the
5 execution . . . of illegal drug activity." Dkt. 18 at 1-2.  Plaintiffs argue Thurston County
6 "collaborat[ed] / conspire[ed] in a joint sting operation targeting [them]," but provide no
7 evidence whatsoever as to Thurston Defendants' role in such an operation *beyond* handling the
8 seizure and storage of Plaintiff Lyon's property.  Dkt. 30 at 6.  Plaintiffs further allege Thurston
9 County conducted a "warrantless seizure and arrest" in conjunction with State Defendants[3] but
10 again, they present no evidence that Thurston Defendants participated in Plaintiff Lyon's arrest
11 beyond seizing and storing his property.  *Id.*  The only evidence the Court has of Thurston
12 Defendants' involvement in these events is their admission to handling the seizure and storage of
13 Plaintiff Lyon's personal property, and Plaintiffs have not raised a genuine dispute as to the truth
14 of this.[4]

15    According to Plaintiff Lyon, after his criminal charges were dropped he was contacted by
16 Lieutenant Tim Rudloff, an employee of the Thurston County Sheriff.  Dkt. 20-1 at 4.
17 Lieutenant Rudloff, who has had oversight of the Task Force since before Plaintiff Lyon's arrest,
18 Dkt. 29 at 4, told Plaintiff Lyon he could "retrieve [his] seized assets if [he] would pay $200 for
19 storage." Dkt. 20-1 at 4.  The Prosecutor's Office then scheduled a forfeiture hearing which was
20 continued several times.  Dkt. 21 at 2.  Deputy Prosecutor McMullen negotiated with Plaintiff

---

[3] "State Defendants" are comprised of the State of Washington, Washington State Liquor Control and Cannabis Board, Washington State Department of Community Development, and Washington State Patrol.

[4] Although Plaintiffs misguidedly argue the Task Force "is NOT an entity, is NOT Authorized to initiate forfeiture proceedings and, [sic] is NOT authorized to enter any contractual agreement," they do agree Thurston Defendants "took all forfeiture actions in the name of the [Task Force]." Dkt. 30 at 5, n. 5.

ORDER ON SUMMARY JUDGMENT - 6

Lyon, through his counsel of record, and the parties eventually settled the forfeiture proceeding through execution of the Agreement. Dkt. 17-2; Dkt. 16 at 2.

Given the narrow scope of Thurston Defendants' involvement in this case, only those causes of action in the complaint which relate to the seizure, storage, and return of Plaintiff Lyon's personal property, or the related forfeiture proceeding, can possibly relate to them. This is the very nucleus of facts and events that would have been addressed by the forfeiture proceeding if there had been one. But Plaintiff Lyon chose to settle the forfeiture and in doing so, he waived "any further claim(s) related to [the forfeiture] proceeding and waive[d] any further legal action related to this matter." Dkt. 17-3.

Under these facts, the elements of claim preclusion are met as to all claims against Thurston County and its Prosecutor's and Sheriff's Offices. First, there is identity (or privity) between the Task Force and these three defendants because they each have a "mutual or successive relationship to the same right, property, or subject matter of the [forfeiture proceeding]." *Landry v. Luscher*, 95 Wn. App. 779, 784, 976 P.2d 1274 (1999) (citing *Loveridge*, 125 Wn.2d at 764). Deputy Prosecutor McMullen ratified the Agreement on behalf of the Task Force and Thurston County is the governmental entity that creates the umbrella under which the Thurston County Prosecutor and the Thurston County Sheriff operate. Their interests in a forfeiture proceeding (or settlement thereof) are the same as those of the Task Force. Second, given that the Task Force was adversarial to Plaintiff Lyon in the forfeiture proceeding, there is identity in the quality of the parties involved in the proceeding. *See id.* at 785.

The third and fourth elements are likewise met here. Plaintiffs' claims against Thurston Defendants are the same causes of action and subject matter as the claims Plaintiff Lyon waived

the right to bring in the Agreement.  "The purpose of forfeiture proceedings is to punish individuals who participate in the illegal dealing of controlled substances." *Valerio v. Lacey Police Dept.*, 110 Wn. App. 163, 175-76, 39 P.3d 332 (2002) (citing *Deeter v. Smith*, 106 Wn.2d 376, 378, 721 P.2d 519 (1986)).  In such a proceeding, the "seizing agency has the initial burden of showing probable cause to believe that seized items were the proceeds of or intended to be used in illegal drug activities." *Id.* (citing *Barlindal v. City of Bonney Lake*, 84 Wn. App. 135, 141, 925 P.2d 1289 (1996).  If the agency establishes probable cause, "the burden shifts to the claimant to prove by a preponderance of the evidence either that the property was not used or intended to be in an illegal drug activity, or that it was used without the owner's consent or knowledge." *Id.* (citations omitted).

According to the forfeiture hearing notice Plaintiff Lyon received, the "nature" of that proceeding would have been "to afford [him] the opportunity to be heard as to [his] claim or right, and the extent thereof, to the property that [he] claimed and that was seized by law enforcement officers of the [Task Force]." Dkt. 20-5.  When he executed the Agreement, however, Plaintiff Lyon voluntarily waived "any further claim(s) related to this proceeding," meaning he waived any claims that may have been addressed by the forfeiture proceeding.  Dkt. 17-3 at 1.  These would be claims related to the substance of the hearing, such as whether his property was legally seized, whether the Task Force is a legal entity, and whether Plaintiff Lyon used the seized property in furtherance of illegal drug activity.  If the waiver stopped there, then Plaintiff Lyon's alleged belief that he did not waive "any of the claims raised in this lawsuit" may be justified. *See* Dkt. 20-1 at 6-7; *see also* Dkt. 30 at 6 (Plaintiff argues "even *if* there was an enforceable agreement, the exact terms / words [sic] of the agreement limit its application to claims or damages exclusively stemming from the 'forfeiture proceeding'. [sic]  It does NOT

ORDER ON SUMMARY JUDGMENT - 8

include any wrongs or damages that are not specifically part of the 'forfeiture proceeding.'"). But Plaintiff Lyon additionally waived the right to "any further legal action related to this matter," *id.*, which cannot simply be redundant of the first waiver. "An interpretation which gives effect to all of the words in a contract provision is favored over one which renders some of the language meaningless or ineffective." *GMAC v. Everett Chevrolet, Inc.*, 179 Wn. App. 126, 135, 317 P.3d 1074 (2014) (citation omitted). The correct interpretation of that waiver, therefore, is that Plaintiff Lyon forfeited the right to bring any claim *whatsoever* that relates to the seizure and storage of his property. This includes the very causes of action and subject matter of the claims brought against Thurston Defendants here. *See Hayes v. City of Seattle*, 131 Wn.2d 706, 712-13, 934 P.2d 1179 (1997) (discussing the cause of action and subject matter elements to claim preclusion). These two elements are met for claim preclusion purposes.

      The final element is met here as well because the Agreement constitutes a final judgment on the merits. *See In re Diafos*, 110 Wn. App. 758, 764, 37 P.3d 304 (2001) (a court-approved settlement agreement is "considered to be a final judgment on the merits" in claim preclusion analysis ); *see also Le Bire v. Dep't of Labor & Indus.*, 14 Wn.2d 407, 418, 128 P.2d 308 (1942) ("[A] final order of judgment, settled and entered by agreement or consent of the parties, is no less effective as a bar or estoppel than is one which is rendered upon contest and trial."). Plaintiffs' claims against Thurston County, the Thurston County Prosecutor, and the Thurston County Sheriff are thus barred by claim preclusion.

      In opposition, Plaintiffs argue "the initial seizure, forfeiture proceeding, and stipulated agreement are *all* void and unenforceable because they were conducted in the name of the [Task Force] and because they violated the plain terms of the [Task Force's] own governing rules." Dkt. 20 at 2. As such, the forfeiture proceeding was "void ab initio" and none of the elements

ORDER ON SUMMARY JUDGMENT - 9

for claim preclusion can be met here. *Id.*  But the "Interlocal Agreement for Cooperative Law Enforcement and Mutual Aid" Plaintiffs rely on has not been in effect as-written since October 2018. Dkt. 24 at 1.  The interlocal agreement was amended at that time and the Thurston County Sheriff assumed fiduciary control of the Task Force. *Id.*; *see also* Dkt. 32-1.  Thurston County also became authorized to contract on the Task Force's behalf. *Id.*  Plaintiffs' arguments based on a non-controlling iteration of the interlocal agreement fall short.

Plaintiffs additionally argue that even if the Agreement is valid, they did not intend to release any of the claims raised in this lawsuit. Dkt. 20 at 3-5.  But that cannot be so.  The Agreement clearly states Plaintiff Lyon waived his right to bring claims related to the forfeiture proceeding. *See* Dkt. 17-3 at 1.  Many of Plaintiffs' claims relate to the forfeiture proceeding or to issues that could have been addressed in that venue.  And as addressed above, the only claims Plaintiffs can possibly have against Thurston County, or its Prosecutor or Sheriff, are those that relate to the seizure and storage of Plaintiffs Lyon's property and the forfeiture proceeding because that was the extent of their involvement in this matter.  Plaintiffs' argument fails here and their claims are precluded as to these three defendants.

3.     *Accord and Satisfaction*

Even if Plaintiffs' claims were not barred by claim preclusion, they would be barred by accord and satisfaction.  Under Washington law, "[a]n accord and satisfaction consists of (1) a bona fide dispute; (2) an agreement to settle that dispute; and (3) performance of that agreement." *Ward v. Richards & Rossano, Inc.*, *P.S.*, 51 Wn. App. 423, 429, 754 P.2d 120 (1988) (citing *Perez v. Pappas*, 98 Wn.2d 835, 843, 659 P.2d 475 (1983)).  Here, the dispute was whether Plaintiffs' property would be permanently forfeited. Dkt. 20 at 4.  This issue naturally implicates questions such as whether the property was properly seized and other related issues

that may have been addressed in a forfeiture proceeding. Instead of participating in such a proceeding, however, the parties agreed to settle their dispute by negotiating the return of Plaintiffs' property in exchange for a $200.00 storage fee. Dkt. 16 at 4. The parties performed the Agreement when Plaintiff Lyon paid the fee and the Task Force returned his property.

Plaintiffs aver that Thurston Defendants breached the Agreement by "failing to return all the seized items," Dkt. 20 at 5, including "business records and computers that are vital" to Plaintiffs and their business. *Id.* at 9. According to the seizure inventory receipt, five iPads and one Asus laptop were seized at the time of Plaintiff Lyon's arrest, along with multiple items that may constitute "business records," such as special events flyers, a thumb drive, paperwork, and a black folder. *See* Dkt. 17-1. But the Court is left to guess which or how many of these items were allegedly not returned to them, because Plaintiffs never specify.[5] Nor do they provide any evidence in support of this accusation, such as contemporary records suggesting that less than all of Plaintiffs' property was returned. Indeed, an entire section of Plaintiff Lyon's declaration in support of Plaintiffs' opposition brief is dedicated to "facts ascertained *after* the [Agreement] was signed." *See* Dkt. 20-1. Despite this, his declaration makes no mention of computers or business records being withheld. *Id.*

Plaintiffs additionally allege that the two buses seized at the time of Plaintiff Lyon's arrest were returned "in severely damaged condition requiring over extensive repairs." Dkt. 20 at 9. According to Rich Podzus, a co-signer of the Agreement, the buses "were totaled and

---

[5] In an email thread between Deputy Prosecuting Attorney McMullen and Plaintiff Lyon's attorneys, the parties negotiated the terms of the Agreement and agreed that *five* iPads were seized instead of the original seven listed in the caption of the Agreement. *See* Dkt. 17-2. This comports with the inventory of seized items. *See* Dkt. 17-1 at 4-7. This is the only evidence the Court can find which may potentially relate to Plaintiffs' conjecture that less than all of their property was returned. But the parties agreed—in writing—that only five iPads were taken in the seizure and even if Plaintiffs did not, they waived the ability to make any argument about this when Plaintiff Lyon executed the Agreement. *See* Dkt. 17-3.

ORDER ON SUMMARY JUDGMENT - 11

unusable because of water damage from leaks and other issues resulting in extensive rusting and mold." Dkt. 33-7 at 2.  Again, the Court is left wondering: what condition were the buses in when they were seized?  How was the alleged damage caused?  Mr. Podzus's declaration is the only evidence Plaintiffs put forth to support this allegation; the record is devoid of "before" or "after" photos of the bus or any other evidence that creates a genuine issue of fact.[6]

A party opposing summary judgment "must present significant probative evidence tending to support its claim or defense." *Intel Corp.*, 952 F.2d at 1558 (citation omitted); *see also Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1121-22 (9th Cir. 2024) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to avoid summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff.") (citation omitted).  "[C]onclusory allegations unsupported by factual data are insufficient." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). On its own, Mr. Podzus's declaration is not enough to create a genuine issue of material fact to defeat summary judgment here.  There was accord and satisfaction between the parties.

C.     **Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs move for summary judgment against all Defendants on the "claim that the forfeiture proceeding was illegal and void ab initio." Dkt. 28 at 1.  For reasons discussed above, Plaintiffs waived this argument when Plaintiff Lyon entered the Agreement that settled the forfeiture proceeding. Dkt. 17-3.  Plaintiffs' motion, Dkt. 28, is accordingly DENIED.

//

//

---

[6] Several photographs of what appear to be the seized buses do appear in an exhibit submitted by Thurston Defendants in support of their motion. *See* Dkt. 17-1 at 9 & 12.  But the photos are small and inscrutable. *See id.* They do not show with any clarity what condition the buses were in when seized.  Nor, of course, do they show what the buses looked like when returned.  Moreover, Plaintiffs neither reference nor rely on these photographs.

## IV. CONCLUSION

For the reasons discussed herein, Thurston Defendants' motion for summary judgment, Dkt. 16, is GRANTED. Defendants Thurston County, the Thurston County Board of County Commissioners, the Thurston County Sheriff, and the Thurston County Prosecutor are dismissed from this action. Accordingly, Plaintiffs' motion for partial summary judgment, Dkt. 28, is DENIED. The Clerk is directed to send copies of this order to the parties.

Dated this 15th day of August, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge